So, the overarching issue is whether or not Mr. Farnsworth was entitled to a factual determination on whether he ever agreed to arbitrate the dispute. The District Court- I appreciate that, but what is the claim of error on the District Court opinion? Is it that it confirmed the award? Is it that it allowed the motion to stay? What is it? Yes, Your Honor. We're saying that it was an error that the District Court confirmed the award because the District Court never made the factual determination that Mr. Farnsworth was entitled to under the Federal Arbitration Act. Under the Federal Arbitration Act, if the making of an arbitration agreement is an issue, then the court has to make that determination. In the present case, the District Court decided that Mr. Farnsworth never sufficiently alleged that his duress defense applied specifically to the arbitration clause. Well, that's true, isn't it? The complaint does not separate out the issues. It merely makes a sort of, I signed this entire document under duress. Yes, Your Honor. We have two counters to that idea. The first is that Mr. Farnsworth did specifically challenge the validity of the arbitration clause. He said that he specifically opposed it at the time when he was coerced to sign the agreement, but the District Court did not- No, Your Honor. He did not. However, we believe that under the Federal Rules of Civil Procedure, he should be entitled to clarify and develop his initial allegations. I thought we were talking about the Arbitration Act. Yes, Your Honor. I think, well, I mean, this all stems from the Arbitration Act, but the Arbitration Act does not specify that the challenge must come in a complaint. I think the Federal Rules govern that issue. Even if that's so, even if the Federal Rules govern, it's Hornbrook law that a motion to dismiss is decided on the basis of the facts alleged in the complaint. Yes, Your Honor. I would say, first of all, this was not a motion to dismiss. But there was a motion. You filed, here's the sequence, as I understand it. You first agreed to arbitrate all the issues, which raises some question in my mind about waiver, but let's pass over that. You then, after agreeing to arbitrate all the issues, you then filed a motion seeking a preliminary injunction against the arbitration in the district court. The response to that was a motion to dismiss that complaint. The district court denied the preliminary injunction and on the motion to dismiss, entered a stay instead of dismissing the case. The arbitration then proceeded, a motion for confirmation was then filed in the district court. So the district court had before it at that time the motion to confirm the arbitration and the motion to dismiss your action. And the district court went ahead and decided that the arbitration ought to be confirmed, which implicitly dismissed your action and the judgment against you. That's what happened. This situation is a little different, I think, than a typical motion to dismiss situation because normally when a party has a complaint dismissed for insufficient allegations, they have an ability to seek leave to amend that complaint. You had that ability. You would file the complaint in the district court. You had an absolute right under Rule 15 without any leave of court to amend that complaint at any time before there was a responsive answer to the complaint. And since there never was a responsive answer to the complaint, you could have done that up until the day that Judge Saylor ruled. You could have filed an amended complaint and mooted this problem entirely, but you never did it. Yes, Your Honor, but Mr. Farnsworth was not aware of this. This was a very minor deficiency, even in the eyes of the district court. We could, Mr. Farnsworth could have added four. I beg your pardon, but it's not a minor deficiency. The doctrine is quite clear that you have to make a claim that is specific to the notion that you can't be forced to arbitration because of duress. I didn't mean that the significance was minor. All I meant to say is that he could have added four words to that complaint. He said in the complaint that he did not want to sign the contract repeatedly. All we believe he was entitled to do. Why did he agree to go to arbitration? Well, at first he did not want to. No, no, no. From the record in the federal court, a complaint is filed after he has agreed to arbitration. The complaint does not say you cannot send me to arbitration because of duress. The complaint treats it as a package that the outcome, which is a salvage contract, was something he would never have agreed to if he weren't under duress. That's what people think the case is about. The judge sends it to arbitration. Mr. Farnsworth, so soon after the arbitration. So don't we have a waiver here? Well, I think that the case law is clear that because he opposed the arbitrator's authority before and during the arbitration, that he preserves his right to challenge the enforceability. But he didn't oppose their authority. He agreed to arbitrate, not only to arbitrate the matter, but he agreed to arbitrate all issues, including the issues raised in his counterclaim, which are the duress issues. Why isn't that a waiver? We have no trouble of saying that if someone goes to court despite an arbitration clause and they litigate it for a while and then one of the parties changes his mind and says, no, I'd rather be in arbitration, we say that's a waiver. So why doesn't it work the other way around? I think that if he challenged, even if he initially agreed to the arbitration process, which he did. But he agreed not only to the process. He agreed that the scope of the arbitration would include not only the claims asserted by TNS, but also the claims asserted by him and his counterclaims. So he agreed that everything was operable. Well, Your Honor, I think that's what his paper, his initial submission to the arbitration reflected. However, he did make the argument to the arbitrator that the arbitrator did not have authority. And indeed, that was the basis for the lawsuit. And the arbitrator disagreed? Yes, Your Honor, the arbitrator disagreed. And then when the arbitrator reached the duress argument as to the merits of the dispute, the arbitrator also disagreed with your client on that? Yes, Your Honor, the arbitrator disagreed. Well, it's not the arbitrator. It's the arbitrators. Yes, this was a unanimous decision of a panel of three, including the arbitrator appointed by your client. Yes, Your Honor, you're correct. However, our argument is that the arbitrator never had authority to bind Mr. Farnsworth. And I think the case law is clear that he preserved his right to challenge the enforceability of that award after it issued. Okay. You have a minute later. Yes, Your Honor. Good morning, police and court. My name is David Smith. I'm here for Toboe, Nantucket Sound. Mr. Smith, before you get to the argument, if my colleagues will indulge me, there's a sealing order in this case. I'm sorry? There's a sealing order in this case. Maybe you don't want to withdraw that. I'm thinking of the next case. Excuse me. Go ahead. Okay. You know, Your Honor, you just talked about the whole procedural history of this. And I would just note that as part of the whole procedure and getting back into the motion to amend, which Mr. Farnsworth could have done, the court ordered on December 16th that the parties to file dispositive motions or other motions concerning the arbitration award are due by January 17th. They didn't file anything. They could have. And maybe things might be different. But from the beginning, Mr. Farnsworth has changed his tune throughout this whole process. And I think that's evident in the record. And I'm not knocking any institution. But he held himself out initially as a Harvard Law School graduate. And then he moves on to legal experience. And it's that legal experience that allowed him to add language to the salvage contract itself. But he didn't write in any additional language with respect to the specific provisions of the arbitration. And when it came time to filing the motion to dismiss, it was laid out there that the arbitration provision specifically, like you already noted. And everything from that point forward, it continued to change and evolve. When we came back to file a motion to confirm the arbitration, that was the only pending motion at the time. And the judge ruled appropriately based upon the information that was there. How much money is at stake in this lawsuit? $50,000. How much money has been spent on litigation? More than that? Yes. I can rest on my submittal unless you have any further questions. I don't have any questions. Thank you. Your Honors, I'd like to just try to sum up our arguments here. I never really got to that point. And I think that if Your Honors look at the cases governing how a party can preserve his right to challenge the enforceability of an arbitration award, that Mr. Farnsworth vigorously opposed arbitration from the very beginning of this whole dispute up until the present  Your credibility is at issue, counsel. Now, if Your Honors are referring The record shows your client agreed to arbitration, went to arbitration, please. But Your Honor, he opposed it. He filed a lawsuit to stop the arbitration. Only after he had agreed to arbitrate all the issues and didn't like the way the arbitration was going. I think it's fair to characterize this as that he began the arbitration under protest. He did not want to go to arbitration. He did so because he was exploring all his legal options. And again, I think the cases show that even if you begin the arbitration process, if you challenge it before you really get to the substance of the arbitration, you preserve your right to challenge that award later. All right. We take your argument as you submitted it. Thank you. Thank you.